Judge Robertson
delivered the opinion of the Court.
_ Wilson having obtained á judgment against Elledge, before a magistrate, for $24 62 1-2 *588 cents, the latter appealed to the circuit court, where* on the verdict of a jury against him, a judgment was rendered in favor of Wilson, for $24 62 1-2 cents, in notes of the Bank of the Commonwealth, it having been proved that the contract was for such paper.
The only question presented by the record, for our decision, is, whether the magistrate had jurisdiction?
The act of 1824, giving jurisdiction to magistrates, over contracts in writing, for Commonwealth’s paper, not exceeding $50 in amount, does not apply to an account.
In 1826, a magistrate had no jurisdiction over a sum in paper, larger than five pounds, unless it was due by note or other written obligation. If, therefore, the $24 62 1-2 cents had been of less value than five pounds, (and whether it was or not, we do not judicially know,) and it were conceded that the justice might have rendered judgment for its value in specie, as he has not done so, but given judgment for a sum beyond his jurisdiction, his judgment was invalid for want of legal authority.
If the magistrate could take cognizance of the case, the circuit court had no jurisdiction, because, if the amount had been under five pounds, the appeal should have been to the county court. If the circuit court' had jurisdiction, therefore, the magistrate had not, so that in any view of the case, the judgment is erroneous.
But if the magistrate had jurisdiction, and, therefore, the appeal ought to have been to the county court, then it would have been the duty of the circuit court, to dismiss the appeal and remit the appellee to his judgment, before the justice. It is, consequently, necessary to decide directly, whether the magistrate had jurisdiction. As we have already intimated, he had not.. He could not give judgment for more than five pounds, unless the demand had been due by note or account for money. And as he had rendered judgment for more than five pounds, Elledge could correct his "or by appeal to the circuit court alone, which ought to have decided in his favor, for want of jurisdiction by the justice.
Breck, for plaintiff; Allan, for defendant.
Judgment reversed, and the cause remanded, with instructions to set aside the verdict, and render a judgment according to this opinion.